**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Cedar Lane Technologies Inc.,** | Case No. 1:20-cv-3600 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Motorola Solutions Inc.,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cedar Lane Technologies Inc. ("Plaintiff"), through its attorneys, complains of Motorola Solutions Inc. ("Defendant"), and alleges the following:

### PARTIES

1.      Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

2.      Defendant Motorola Solutions Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 500 W Monroe Street, Suite 4400, Chicago, IL 60661.

### JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Plaintiff has suffered harm in this district.

### PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,473,527 (the "'527 Patent"); 6,516,147 (the "'147 Patent"); 6,566,805 (the "'805 Patent"); 6,972,774 (the "'774 Patent"); 6,972,790 (the "'790 Patent"); 7,292,261 (the "'261 Patent"); 8,537,242 (the "'242 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '527 Patent

8. The '527 Patent is entitled "Module and method for interfacting analog/digital converting means and JPEG compression means," and issued 10/29/2002. The application leading to the '527 Patent was filed on 6/1/1999. A true and correct copy of the '527 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '527 Patent is valid and enforceable.

### The '147 Patent

2

10.     The '147 Patent is entitled "Scene recognition method and system using brightness and ranging mapping," and issued 2/4/2003. The application leading to the '147 Patent was filed on 12/19/2000. A true and correct copy of the '147 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11.     The '147 Patent is valid and enforceable.

### The '805 Patent

12.     The '805 Patent is entitled "Organic electro-luminescent device with first and second composit layers," and issued 5/20/2003. The application leading to the '805 Patent was filed on 9/28/2000. A true and correct copy of the '805 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13.     The '805 Patent is valid and enforceable.

### The '774 Patent

14.     The '774 Patent is entitled "Image processing system for inserting plurality of images into composite area, and medium," and issued 12/6/2005. The application leading to the '774 Patent was filed on 12/18/2000. A true and correct copy of the '774 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

15.     The '774 Patent is valid and enforceable.

### The '790 Patent

16.     The '790 Patent is entitled "Host interface for imaging arrays," and issued 12/6/2005. The application leading to the '790 Patent was filed on 12/21/2000. A true and correct copy of the '790 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

17.     The '790 Patent is valid and enforceable.

### The '261 Patent

18.     The '261 Patent is entitled "Virtual reality camera," and issued 11/6/2007. The application leading to the '261 Patent was filed on 8/20/1999. A true and correct copy of the '261 Patent is attached hereto as Exhibit 6 and incorporated herein by reference.

19.     The '261 Patent is valid and enforceable.

### The '242 Patent

20.     The '242 Patent is entitled "Host interface for imaging arrays," and issued 9/17/2013. The application leading to the '242 Patent was filed on 10/27/2005. A true and correct copy of the '242 Patent is attached hereto as Exhibit 7 and incorporated herein by reference.

21.     The '242 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '527 PATENT

22.     Plaintiff incorporates the above paragraphs herein by reference.

23.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '527 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '527 Patent also identified in the charts incorporated into this Count below (the "Exemplary '527 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '527 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

24.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '527 Patent Claims, by having its employees internally test and use these Exemplary Products.

25.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

26.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '527 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '527 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '527 Patent.

27.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '527 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent.

28.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '527 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

29.     Exhibit 8 includes charts comparing the Exemplary '527 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '527 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '527 Patent Claims.

30.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

31.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '147 PATENT

32.     Plaintiff incorporates the above paragraphs herein by reference.

33.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '147 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '147 Patent also identified in the charts incorporated into this Count below (the "Exemplary '147 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '147 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

34.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '147 Patent Claims, by having its employees internally test and use these Exemplary Products.

35.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

36.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '147 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '147 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '147 Patent.

37.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '147 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '147 Patent.

38.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '147 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '147 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

39.     Exhibit 9 includes charts comparing the Exemplary '147 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '147 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '147 Patent Claims.

40.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

41.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 3: INFRINGEMENT OF THE '805 PATENT

42.     Plaintiff incorporates the above paragraphs herein by reference.

43.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '805 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '805 Patent also identified in the charts incorporated into this Count below (the "Exemplary '805 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '805 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

44.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '805 Patent Claims, by having its employees internally test and use these Exemplary Products.

45.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

46.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '805 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '805 Patent. Thus, on

information and belief, Defendant is contributing to and/or inducing the infringement of the '805 Patent.

47.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '805 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '805 Patent.

48.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '805 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '805 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

49.     Exhibit 10 includes charts comparing the Exemplary '805 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '805 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '805 Patent Claims.

50.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

51.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 4: INFRINGEMENT OF THE '774 PATENT

52.     Plaintiff incorporates the above paragraphs herein by reference.

53.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '774 Patent in at least this District by making, using, offering to sell,

selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '774 Patent also identified in the charts incorporated into this Count below (the "Exemplary '774 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '774 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

54.    Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '774 Patent Claims, by having its employees internally test and use these Exemplary Products.

55.    The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

56.    Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '774 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '774 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '774 Patent.

57.    **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '774 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '774 Patent.

10

58.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '774 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '774 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

59.     Exhibit 11 includes charts comparing the Exemplary '774 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '774 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '774 Patent Claims.

60.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 11.

61.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 5: INFRINGEMENT OF THE '790 PATENT

62.     Plaintiff incorporates the above paragraphs herein by reference.

63.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '790 Patent also identified in the charts incorporated into this Count below (the "Exemplary '790 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the

'790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

64.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '790 Patent Claims, by having its employees internally test and use these Exemplary Products.

65.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

66.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '790 Patent.

67.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

68.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the

'790 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

69.     Exhibit 12 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '790 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

70.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 12.

71.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 6: INFRINGEMENT OF THE '261 PATENT

72.     Plaintiff incorporates the above paragraphs herein by reference.

73.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '261 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '261 Patent also identified in the charts incorporated into this Count below (the "Exemplary '261 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '261 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

74.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '261 Patent Claims, by having its employees internally test and use these Exemplary Products.

75.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

76.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '261 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '261 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '261 Patent.

77.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '261 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '261 Patent.

78.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '261 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '261 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

79.     Exhibit 13 includes charts comparing the Exemplary '261 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '261 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '261 Patent Claims.

80.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 13.

81.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 7: INFRINGEMENT OF THE '242 PATENT

82.     Plaintiff incorporates the above paragraphs herein by reference.

83.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '242 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '242 Patent also identified in the charts incorporated into this Count below (the "Exemplary '242 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '242 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

84.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '242 Patent Claims, by having its employees internally test and use these Exemplary Products.

85.     The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

86.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '242 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '242 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '242 Patent.

87.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

88.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

89.     Exhibit 14 includes charts comparing the Exemplary '242 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '242 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '242 Patent Claims.

90.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 14.

91.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**JURY DEMAND**

92.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '527 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '527 Patent;

C.     A judgment that the '147 Patent is valid and enforceable;

D.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '147 Patent;

E.     A judgment that the '805 Patent is valid and enforceable;

F.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '805 Patent;

G.     A judgment that the '774 Patent is valid and enforceable;

H.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '774 Patent;

I.     A judgment that the '790 Patent is valid and enforceable;

J.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '790 Patent;

K.     A judgment that the '261 Patent is valid and enforceable;

L.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '261 Patent;

M.     A judgment that the '242 Patent is valid and enforceable;

N.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '242 Patent;

O.    An accounting of all damages not presented at trial;

P.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement and, with respect to the '527 patent, the '147 patent, the '805 patent, the '774 patent, the '790 patent, the '261 patent, the '242 patent, any continuing or future infringement, up until the date such judgment is entered including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

Q.    And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii.   that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii.  that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: June 19, 2020          Respectfully submitted,


*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603

(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Cedar Lane Technologies Inc.**